IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John R. Mirlisena, *et al.*, | : | Case No. 1:15-cv-00058 |
| | : | |
| Plaintiffs | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Nirav Babu, *et al.*, | : | Order Granting in Part and Denying in Part |
| | : | Defendant Pendum LLC's Motion to |
| Defendants. | : | Dismiss |
| | : | |

This matter is before the Court on Defendant Pendum, LLC's Motion to Dismiss (Doc. 27). For the reasons that follow, Defendant's Motion will be **GRANTED IN PART AND DENIED IN PART**.

I. BACKGROUND

A. Facts[1]

The well-pleaded allegations of the Complaint are taken as true for purposes of the pending Motion to Dismiss.  This case concerns multiple parties involved in consumer tax preparation services, primarily during the 2014 tax season.  Plaintiff John R. Mirlisena, Jr. is a resident of Hamilton County, Ohio with an ownership interest in two entities engaged in consumer tax preparation services, Great Tax LLC ("GT"), and GTP Financial LLC ("GTP"). Plaintiff GT provides tax preparer services, and Plaintiff GTP provides loans known as refund anticipation loans to qualified taxpayers.  Defendant Pendum LLC ("Pendum") is an entity that has no business relationship with any of the Plaintiffs, as expounded upon more fully herein.[2]  As

---

[1] The Court has drawn the background facts from Plaintiff's Third Amended Complaint (Doc. 22) unless otherwise indicated.

[2] Aside from Defendants Pendum LLC and Nirav Babu, there are three other Defendants in this action:  Refunds Plus, LLC, Charles Verghese, and Esquire Capital, LLC.  These Defendants' roles are not material to the ripe Motion to Dismiss presently before the Court.

alleged by the Complaint, however, Pendum had a previous business relationship with Defendant Nirav Babu, who was also involved in the consumer tax refund business sector and owned and operated Greenspire Capital Group, LLC and Refunds Plus, LLC.  Because the relationships and transactions between the multiple parties are complex, the Court will limit this section to the most relevant facts necessary to evaluate Pendum LLC's Motion to Dismiss.

Plaintiffs allege that at some point prior to or around 2014, GT and GTP entered into an agreement with Babu.  Plaintiffs allege that Babu agreed to provide GT and GTP with operating capital and funds for tax preparer stores to issue tax rebates to qualifying taxpayers.  Specifically, Babu promised to provide GT with a five million dollar line of credit to be used for these purposes.  Further, Babu agreed to charge GT operating expenses to his credit card.  GT enlisted TAB Bank to host the operating bank accounts and individual taxpayer accounts for GT and GTP.  On January 2, 2014, TAB Bank, GTP and Babu entered into a Deposit Account Control Agreement, and GT and Babu entered into a Deposit Account Control Agreement.

At the end of February and/or early March, 2014, GT and Mirlisena became concerned about GT's cash position.  Mirlisena investigated certain accounts and discovered a number of suspicious transfers made by Babu.

Plaintiffs allege that Babu directed $1,145,630.50 of GT's funds in GT's account to be paid to Pendum.  Plaintiffs claim that this money was used to pay funds owed to Pendum by Fasum Ogbazion, Babu's friend, client, and business associate.  Plaintiffs assert Pendum was owed money for services it provided to a separate entity owned by Ogbazion, EzCash ATMs, and had received a loan from Babu.  Plaintiffs assert Pendum performed no services for Plaintiffs and had no prior relationship with Plaintiffs.

### B. Procedural History

Plaintiffs Mirlisena, GT, and GTP initiated this action against Defendants Pendum LLC, Babu, Refunds Plus, LLC, Charles Verghese, and Esquire Capital, LLC on May 30, 2014 in the Ohio Court of Common Pleas for Hamilton County. The action was removed to this Court on January 28, 2015. Plaintiffs assert fifteen causes of action in the Complaint, two of which are pending against Pendum: conversion and unjust enrichment. On April 17, 2015, Pendum filed a Motion to Dismiss the claims pending against it. (Doc. 27.) Plaintiffs oppose the Motion. The Motion is now ripe for resolution.[3]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F. 3d 860, 867 (6th Cir. 2012).

## III. ANALYSIS

Pendum moves to dismiss both the conversion and unjust enrichment claims asserted by Plaintiffs. The Court will consider each claim in turn.

---

[3] Subsequently, Defendant Esquire Capital, LLC moved the Court to dismiss Plaintiffs' claims against it for lack of personal jurisdiction. (Doc. 42.) The Court anticipates addressing this Motion by separate Order.

A.  Conversion

Plaintiffs assert in their Complaint that $1,145,630.50 of GT's funds were converted by Pendum.  An action for conversion based on the conversion of cash only is viable under Ohio law "if identification is possible and there is an obligation to deliver the specific money in question." *Gascho v. Global Fitness Holding, LLC*, 863 F. Supp. 2d 677, 700 (S.D. Ohio 2012) (citing *Dice v. White Family Cos., Inc.*, 173 Ohio App. 3d 472, 878 N.E.2d 1105, 1009 (2007)). That is, money may only be the subject of a conversion claim in Ohio where:

> the money involved is 'earmarked' or is specific money capable of identification, *e.g.*, money in a bag, coins or notes that have been entrusted to the defendant's care, or funds that have otherwise been sequestered, and where there is an obligation to keep intact and deliver this specific money rather than to merely deliver a certain sum.

*Id.* (internal citations omitted).

Pendum moves to dismiss this claim on the basis that Plaintiffs did not plead that the alleged converted money was specifically identified sufficient to meet an applicable exception which would permit a conversion claim for money.  In response to this argument, Plaintiffs assert that inferences should be drawn in their favor that the money was sequestered and kept intact in a specific Pendum account, thereby rendering it "specifically identified."  The Court finds that Plaintiffs' proposed "inference" would constitute adding facts that have not been pled. Plaintiffs did not assert a specific account into which the money was deposited, nor did they plead that the alleged converted money was sequestered.  Because Plaintiffs have not alleged that the converted money was specifically identified, their conversion claim is not viable under Ohio law.[4]  As such, Pendum's Motion to Dismiss Plaintiffs' conversion claim will be GRANTED.

---

[4] Even if Plaintiffs had pleaded that the money was sequestered, they did not provide legal support that sequestration within an account constitutes an exception under which money can be the subject of a conversion claim in Ohio.

### B. Unjust Enrichment

Plaintiffs also allege that Pendum was unjustly enriched by receipt of the $1,145,630.50. To state a claim of unjust enrichment, the plaintiff must allege: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Rorig v. Thiemann*, No. 1:05cv801, 2007 WL 246253, at *7 (S.D. Ohio Aug. 27, 2007) (citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298 (1984)).

As an initial matter, the Court finds that Plaintiffs have adequately stated facts in the Complaint to support a viable claim for unjust enrichment. Plaintiffs allege (1) that a benefit in the form of $1,145,630.50 was conferred on Pendum by GT, (2) Pendum knows it received a payment of $1,145,630.50 of GT's money, and (3) Pendum could not reasonably and justifiably retain GT's money because Pendum did not provide any services or products to GT, was not owed money by GT, had no relationship with GT, had no right to GT's money, knew and knows it had no right to GT's money, and could not reasonably and justifiably accept GT's money. (Doc. 45, PageID 382). These facts, if believed, are sufficient to support the three elements of unjust enrichment.

Pendum argues that Plaintiffs nonetheless are unable to state a claim for unjust enrichment because the Complaint allegations demonstrate that Pendum was an "innocent third party" and did not act wrongfully or unjustly. The Court does not find this argument persuasive. Pendum fails to cite any legal authority to support this proposition. Moreover, Plaintiffs allege that Pendum knew it did not have right to the $1,145,630.50 it received from GT and retained the money regardless, which undercuts the "innocent third party" argument.

Pendum's Motion to Dismiss Plaintiffs' unjust enrichment claim therefore will be DENIED.

IV. CONCLUSION

For the reasons addressed herein, Pendum's Motion to Dismiss will be **GRANTED IN PART AND DENIED IN PART.**  Pendum's Motion to Dismiss Plaintiffs' claim of conversion is **GRANTED**, and its Motion to Dismiss Plaintiffs' claim of unjust enrichment is **DENIED**.

IT IS SO ORDERED.

        S/Susan J. Dlott_____
        Judge Susan J. Dlott
        United States District Court